ADAM GORDON
United States Attorney
JOSHUA C. MELLOR
California Bar No. 255870
ASHLEY E. GOFF
California Bar No. 299737
PETER S. HORN
California Bar No. 321358
New York Bar No. 5333653
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: 619-546-9733/9735/6795
joshua.mellor@usdoj.gov
ashley.goff@usdoj.gov
peter.horn@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 25-CR-4822-TWR-1 |
|---|---|
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| ANDREW NUNEZ (1), <br>   aka "Felon," <br>   aka "Shooter," | Date: March 13, 2026 <br> Time: 2:00 p.m. <br> Courtroom 14A |
| Defendant. | |

The government recommends that Defendant Andrew Nunez be sentenced to a total of 300 months in custody and five years of supervised release, and that the court order restitution in the amount of $250,000. With his co-defendant Johncarlo Quintero, Nunez was a shooter in an attempted hit on a target of the Sinaloa Cartel. He and Quintero made two attempts on the victim's (Victim 1's) life, the second of which involved the killing of one of their fellow gang members and co-conspirators, Ricardo Sanchez, and which is the basis for the murder count to which Quintero has pleaded guilty. Based on the plea

agreement, the guidelines below, and the § 3553(a) factors, the government recommends a total sentence of 300 months in custody.

## I.     SENTENCING GUIDELINES

The United States moves this Court to adopt the following Guidelines and sentencing calculations:

**Counts One & Two – Attempted Murders of Victim 1 and Victim 4**

| | |
|---|---|
| Base Offense Level [USSG § 2E1.3(a)(2)] | 33 |
| Serious Bodily Injury [USSG § 2A2.1(b)(1)(B)] | +2 |
| Offer of Pecuniary Value [USSG § 2A2.1(b)(2)] | +4 |
| *Adjusted Offense Level* | *39* |

**Count Three –Murder of Sanchez**

| | |
|---|---|
| Base Offense Level [USSG § 2E1.3(a)(2)] | 43 |
| *Adjusted Offense Level* | *43* |

**Multiple Count Adjustment [USSG § 3D1.4]**

| | |
|---|---|
| Count 1 | 1 Unit |
| Counts 2 & 3[1] | 1 Unit |
| *Total Number of Units* | *2.0* |

**FINAL CALCULATION:**

| | |
|---|---|
| Greater of Adjusted Offense Level | 43 |
| Increase in Offense Level for Multiple Counts | +2 |
| Acceptance of Responsibility [3E1.1(b)] | -3 |

---

[1] The United States believes that Counts 2 and 3 group under USSG § 3D1.2(a) given the unique circumstances of the provocative act murder committed by Quintero and Nunez for the death of their coconspirator, Ricardo Sanchez. Under § 3D1.2(a), "counts are to be grouped together when they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim." USSG § 3D1.2 n. 3. For example, when one count charges an attempt and the other count charges the commission of the same offense, the counts will be grouped under § 3D1.2(a). *Id.* Additionally, the term "victim" in § 3D1.2 is "not intended to include indirect or secondary victims." *Id.*, n. 2. Here, Count 2 charges the attempt murder of Victim 4 and Count 3 charges the resulting death of a coconspirator by Victim 4's return fire. While there are circumstances under which an indirect victim or provocative murder may not group, the circumstances here warrant grouping the counts because (1) Sanchez is not a "victim" as that term is defined in § 3D1.2 application note 2 given his role as a coconspirator, and (2) the provocative murder of a coconspirator is part of the same criminal episode as Count 2's attempted murder.

|  |  |
|---|---|
| <u>18 U.S.C. § 3553(a) Variance</u> | <u>-2</u> |
| Total Offense Level | 40 |
| Criminal History Category | I (1 point) |
| **USSG Range:** | **292 – 365 months**[2] |

**Government Rec. (concurrent):**   **Count 1: 120 months**
　　　　　　　　　　　　　　　　　　**Count 2: 120 months**
　　　　　　　　　　　　　　　　　　**Count 3: 300 months**

## II.　STATEMENT OF FACTS AND § 3553(a) ANALYSIS

　　The facts of this case are aggravating. In late March 2024, Nunez, Quintero, and the co-conspirators charged in *United States v. Antunez, et al.*, 26-CR-402-TWR (related), attempted to kill Victim 1—a target of the Sinaloa Cartel. On March 26, 2024, Nunez and Quintero tracked Victim 1 to a Chili's restaurant in Chula Vista, shot but did not kill him, and then tried again later that night, during the early morning hours of March 27. Then, they (along with Sanchez) opened fire at Victim 1's residence, shooting another victim (Victim 4) multiple times. They were unsuccessful in killing Victim 1 and Victim 4, but Victim 1's family members were at the residence at the time, Victim 4 was shot multiple times, and Sanchez was shot and killed. Additional facts are summarized well in the PSR and the factual basis of Nunez's plea agreement. *See* PSR at 4-11; Plea Agreement at 5-9.

　　Nunez was involved in these offenses because he was a juvenile member—15 years old at the time—of the Westside Wilmas, gang based in Wilmington, California. He willingly undertook the killing to not only advance his position within the gang, and the charged Enterprise here, but also because he believed he would be paid $50,000. In addition to conducting the hits as discussed above, and in the PSR and plea agreement, Nunez coordinated directly with a member of the Mexican Mafia and associate of the Sinaloa Cartel, who was located in Mexico and was another co-conspirator. The nature and

---

[2] The government can also file a sentencing summary chart if the court prefers, but it believes all relevant guideline calculations are included in this memorandum.

circumstances of the offense are thus aggravating and justify the 300-month sentence recommended here.

The government has also considered potentially mitigating information and other § 3553(a) factors, such as the need for specific and general deterrence and the sentences of other similarly situated defendants. On the latter point, the government is also recommending 300 months total for Quintero, in accordance with his plea agreement and the § 3553(a) factors. In terms of mitigation, Nunez was of course only 15 at the time of this offense. And, as a minor and up until his arrest, he was recruited by other gang members and impacted by the circumstances of his upbringing. However, Nunez was involved in prior criminal activity, as he fled from law enforcement in a stolen car, crashed the car into another vehicle, and then still attempted to flee on foot. While this resulted in a single criminal history point, he was still on probation at the time of the offenses in this case. *See* PSR at 20-21. Moreover, there is no indication he has disassociated with the gang. In fact, while in custody in this case, he has continued speaking with other Wilmas members and showing his continued membership and participation in the gang. This is shown in his gang signs, his contacts, discussions about gang activity and other members, and discussing gang violence. As a result, there is a strong need for specific deterrence in this case. There is also a strong need for general deterrence, given the nature of these offenses and the brazen violence—in public and at a private residence in this District—Nunez personally participated in. The Court's sentence should thus reflect the need to deter violence and other criminal activity in the United States by the Sinaloa Cartel and other criminal organizations operating across the border from our District in Mexico. Finally, the Court's sentence should also deter gangs and their juvenile members from committing violence based on the idea that they may receive little to no time in custody even if they are caught. *See* Plea Agreement at 7. Having considered this and other information about Nunez's background, as also reported in the PSR, the government believes there is limited mitigation regarding Nunez.

Accordingly, consistent with the plea agreement and in consideration of all the § 3553(a) factors, the government requests that the Court sentence Nunez to 300 months in custody.

### III.  CONCLUSION

Based on the foregoing, the government recommends the Court sentence Nunez to 300 months' custody (120 months each for Counts 1 and 3, and 300 months for Count 3, all concurrent); five years of supervised release (three years for Counts 1 and 3, and five years for Count 3, all concurrent); and impose a $300 special assessment ($100 per count) and no fine. Additionally, the government requests an order of restitution in the amount of $250,000.

DATED: March 6, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s/ Peter S. Horn*
JOSHUA C. MELLOR
ASHLEY E. GOFF
PETER S. HORN
Assistant U.S. Attorneys