ANTONIO YOON
California State Bar Number 163961
501 W. Broadway, Suite A-387
San Diego, California 92101
Telephone: (619) 544-0021
E-mail: antonioyoon@att.net

Attorney for Mr. Nunez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 25cr4822-TWR |
| Plaintiff, ) | Date: March 13, 2026 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ANDREW NUNEZ, ) | **DEFENDANT'S** <br> **SENTENCING MEMORANDUM** |
| Defendant. ) | |

TO:  ADAM GORDON, UNITED STATES ATTORNEY;
     ASHLEY GOFF, ASSISTANT UNITED STATES ATTORNEY;

The defendant, Andrew Nunez, by and through his counsel, Antonio Yoon, hereby files his Sentencing Memorandum.

# I.

# Introduction

Andrew Nunez had just turned fifteen when he committed this offense. He is now sixteen. When he was a young kid Andrew enjoyed playing basketball and spending time with his younger brother. As related in his probation report, Andrew's parents got divorced when he was just 13 year old. PSR ¶ 117, ECF No. 15.

Andrew felt that after his parents divorce "everything went downhill." PSR ¶ 118. Coupled with his parents divorce, Andrew's paternal aunt, with whom he was very close, died of an overdose and one of his friends was murdered. These traumatic experiences led Andrew to try alcohol and marijuana. They also eventually led him to commit this serious offense for which he is very remorseful.

This offense was committed because of a misguided and ill-advised effort to belong to the gang and to make money. Andrew has accepted full responsibility for his participation in this offense and recognizes how bad his decision was. PSR ¶ 77. Andrew realizes how much pain and trauma he has caused the victims and knows that nobody deserves to go through what the victims went through and are still going through. *Id*. He has recurring nightmares of the events that took place that night and most nights he cannot sleep. PSR ¶ 130. He knows his actions have caused this to happen and he only truly hopes that his victims will forgive him one day. As he will tell the court he also understands full well that his actions have severe consequences and he accepts full responsibility for what he has done and the harm he has caused.

As the court can see from the Probation report, Andrew Nunez has experienced bad anxiety. PSR ¶130. He is currently attending biweekly therapy and he is taking prescribed medications to help him sleep and manage his anxiety. *Id.* Again, Andrew knows he has caused all this by his actions. He knows the decision he made that day means he will spend his teenage years and youth behind bars.

While in custody he has read over 30 books that his father has sent him. PSR ¶ 119. He has also completed Hustle 2.0 (involving 10 in-depth courses where he scored a 719 out

of 1000), and the Life Skills Series: Core Skills Program,. PSR ¶ 65. In January of this year he commenced the 5 Steps to Reentry Program. See Exhibit A. He has also been taking GED classes and hopes to earn his high school diploma during his incarceration. He hopes to one day go to college, earn a vocational certificate in welding, or to become a painter. PSR ¶ 126. To these plans he also wants to add taking life skill and substance abuse classes as well as emotional awareness classes. *Id.*

Andrew understands the seriously aggravated nature of the crime he committed. He is asking that the court follow probation and the government's recommendation and sentence him to 300 months.

## II.

## Andrew Nunez's youth contributed to his involvement in this offense and he is remorseful

"[A]lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young . . . . Even the normal 16-year-old customarily lacks the maturity of an adult . . . . [J]uveniles are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure. This is explained in part by the prevailing circumstance that juveniles have less control, or less experience with control, over their own environment . . . . [T]he character of a juvenile is not as well formed as that of an adult. The personality traits of juveniles are more transitory, less fixed.

*Roper v. Simmons*, 543 U.S. 551, 570 (2005).

Andrew Nunez was 15 when he committed this offense. At this age his brain was, and still is, developing. He was also very susceptible to poor-decision making as recent Brain Science discoveries reveal that the recklessness and thoughtlessness of teens is a function of "a massive reorganization" of the brain during the teen years[1] Research also

---

[1] See Kastener, Laura, *Getting to Calm*. Seattle: ParentMap. 2009

3

teaches us that there is hope if the person gets the right help and guidance. Andrew Nunez is asking for that help. When we couple these scientific findings with a lack of proper guidance and moral or emotional support we begin to understand, not excuse, Andrew's behavior.

The United States Sentencing Guidelines also account for an offender's youthfulness. *See* U.S.S.G. § 5H1.1. According to the guidelines, "Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." *Id.* Andrew has been impacted by several of these factors.

Combine with these factors the fact that, "youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood." *Id.* Andrew acknowledges how impulsively he behaved here and is remorseful for his participation in this offense.

Lastly, the guidelines emphasize that "[y]outhful individuals also are more amenable to rehabilitation." U.S.S.G. §5H1.1. "The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age." *Id.*

All these factors should be considered and the court should sentence Andrew Nunez to the 300 months being recommended by the government and Probation.

### III.

**The parties have agreed to a 2 level variance for resolution of the case**

Pursuant to the plea agreement the government will recommend a 2 level downward variance because the defendant agreed to dismiss his pending appeal and agreed to resolve this case without further litigation. By doing so, Andrew Nunez chose, *most importantly*, to accept full responsibility for the crime he committed and the government has now avoided long and protracted motions, trial and appellate litigation and requiring the victims to testify.

## IV.
## The applicable Guidelines

| | |
|---|---:|
| **Counts 1 & 2**-Base Offense Level: USSG §§ 2E1.3(a)(2) and 2A2.1(a)(1) | 33 |
| USSG § 2A2.1(b)(1)(B): Serious Bodily Injury to Victim | +2 |
| USSG § 2A2.1(b)(2): Offer/Receipt of Anything of Pecuniary Value | +4 |
| Adjusted Offense Level of Counts 1&2 | 39 |
| **Count 3**- Base Offense Level: USSG §§2E1.3(a)(2) and 2A1.1(a) | 43 |
| Adjusted Offense Level of Count 3 | 43 |
| Adjustment for Role in the Offense | 0 |
| Multiple Count Increase in Offense Level: USSG §§ 3D1.1(a)(3) and 3D1.4(a) | +2 |
| Combined Adjusted Offense Level | 45 |
| Adjustment for Acceptance of Responsibility [Government Motion – USSG § 3E1.1(b)] | -3 |
| Total Offense Level: | 42 |
| Criminal History Score: | 1 |
| Criminal History Category: | I |
| Guideline Range: | from 360-life |
| Variance: | |
| 3553 Factors (Dismissal of pending appeal, waiver of appeal, resolution of case without further litigation) | -2 |
| Resulting Guideline range | 292-365 months |
| Supervised Release Range: | up to 5 years |
| Fine Range: | $50,000-250,000 |

**IV.**
**RECOMMENDED SENTENCE**

After considering the factors of 18 U.S.C. § 3553(a), the United States Sentencing Guidelines, and the additional factors addressed above, this Court should sentence Andrew Nunez to 300 months (all counts concurrent); $300 special assessment, and 3 years Supervised release.

Respectfully submitted,

DATED: March 6, 2026

*s/ Antonio Yoon*
**ANTONIO YOON**
Attorney for Mr. Nunez
E-mail: antonioyoon@att.net